NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALFREDO GARCIA, | Civil Action No. 05-5104 (KSH) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| ALFARO ORTIZ, et al., |  |
| Respondents. |  |

**APPEARANCES:**

    ALFREDO GARCIA, #211086
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065
    Petitioner Pro Se

**HAYDEN, District Judge**

Petitioner Alfredo Garcia filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his murder conviction in the Superior Court of New Jersey, Hudson County. seeking restoration of 20 days of good conduct credit lost as a disciplinary sanction. The Court dismisses the Petition as moot because Petitioner died on March 19, 2006.

**I. BACKGROUND**

Petitioner challenges a judgment of conviction in the Superior Court of New Jersey, Hudson County, on September 24, 1986, for murder and weapons charges. After a jury found Petitioner guilty, the Superior Court sentenced Petitioner to a term of 30 years without parole. The Appellate Division affirmed on November 9, 1989, and the New Jersey Supreme Court

denied certification on February 7, 1990. Petitioner thereafter filed two petitions for post conviction relief, which the Law Division denied on March 13, 1996, and June 28, 2002.

The Petition raises two grounds: (1) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments, and (2) Petitioner was denied fundamental fairness.

Records of the New Jersey Department of Corrections show that Petitioner died on March 19, 2006, in custody. https://www6.state.nj.us/DOC_Inmate/details?x=1072014&n=1.

## II. DISCUSSION

A district court has subject matter jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A. Mootness

Although Petitioner satisfies the "in custody" requirement for subject matter jurisdiction because he was incarcerated at the time he filed the Petition, see Spencer v. Kemna, 523 U.S. 1 (1998), he must also satisfy the "case or controversy" requirement. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2.[1] "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal

---

[1] "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968).

2

stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted). In this case, where Petitioner died prior to a determination of his Petition, the habeas action will be dismissed as moot. See Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975); Lynch v. Fay, 284 F.2d 301 (2nd Cir. 1960); Hann v. Hawk, 205 F.2d 839 (8th Cir. 1953); Hauptmann v. Wilentz, 570 F. Supp. 351, 401 (D. N.J. 1983).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

_____
KATHARINE S. HAYDEN, U.S.D.J.

Dated: __4/28__, 2006

3